10954.  LOGANVILLE BANKING CO. *v.* BRODNAX, trustee, *et al.*

" A plaintiff may, bona fide and for a valuable consideration, transfer in writing a judgment and the execution issued thereon to a third person; and the transferee has the same rights as the original plaintiff had, and the transfer or assignment need not be under seal. Civil Code (1910), §§ 4274, 5969. See *Thompson* v. *First State Bank*, 102 *Ga.* 696 (29 S. E. 610).

"(*a*) Where a statutory claim case is pending in the superior court, and the plaintiff transfers, in writing not under seal, a fi. fa. and the judgment on which it is based, 'without any recourse on us whatsoever,' such assignment passes to the assignee the title to the judgment and the execution with all the resulting incidents of the assignment, which include the right of the assignee, as such, to be made a party plaintiff in the case, to proceed with its prosecution to subject the property levied on, and to recover damages from the claimant if it should appear that the claim was interposed for delay only; and it would not be proper to order that the case proceed in the name of the original plaintiff for the use of the assignee.

"(*b*) After such assignment the original plaintiff in fi. fa. could not proceed on his own account against the claimant for the purpose of recovering such damages." 151 *Ga.* 88 (106 S. E. 4).

DECIDED MARCH 2, 1921.

Motion to enter judgment; from Walton superior court — Judge W. L. Hodges presiding. August 19, 1919.

*J. H. Felker,* for plaintiff.   *R. L. Cox, O. Roberts,* contra.

LUKE, J. The motion of counsel for the plaintiff in error to amend the bill of exceptions by making Mrs. Sallie May Woodruff a party thereto is granted, and the motion of counsel for the defendant in error to dismiss the bill of exceptions is denied.

On April 16, 1917, Loganville Banking Company obtained judgment for a large sum of money against S. N. Forrester. On August 31, 1917, a fi. fa. was issued thereon, and on September 1, 1917, the sheriff levied the fi. fa. on certain land as property of the defendant in fi. fa. On September 22, 1917, J. C. Brodnax, as trustee for Forrester, filed a claim to a portion of this land, and the fi. fa. and the claim were returned to the superior court of Walton county for trial. Subsequently, on February 16, 1918, Loganville Banking Company, in consideration of the full amount of principal, interest, and attorneys' fees and costs, transferred and assigned in writing to Sallie May Woodruff the fi. fa. and the judgment on which it was based, "without any recourse on us whatsoever." This transfer was not under seal, while the claim bond was under seal. At the August term, 1919, of Walton superior court, Loganville Banking Company tendered issue, claiming it was entitled to proceed for damages against the claimant and his security, alleging that the claimant had abandoned his claim, and that his claim was filed for delay only. The claimant and the other defendants joined issue. At this stage of the proceedings Sallie May Woodruff moved the court to make her a party plaintiff in the case, on the ground that she was the sole owner of the fi. fa., and that the fi. fa. should proceed for her use as transferee. Over objection of counsel for Loganville Banking Company the court made her a party plaintiff. The court ruled also that Loganville Banking Company had by the above-mentioned transfer assigned any and all rights that it had for damages for delay, and passed an order eliminating the Loganville Banking Company from the case, and ordered that the case proceed in the name of the Loganville Banking Company for the use of Sallie May Woodruff as transferee. To these rulings the Loganville Banking Company excepted. Under the rulings in the headnote (which were made by the Supreme Court on February 16, 1921, in answer to certain questions certified by this court), all the rulings of the trial court excepted to were correct except the one ordering that the case proceed in the name of the original plaintiff for the use of the transferee; and this error does not require another trial of the case, since the only complaint of the plaintiff in error, the Loganville Banking Company, as to this ruling is

23

that the Loganville Banking Company was thereby eliminated from the case; and, under the ruling of the Supreme Court, it was properly so eliminated.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*